UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID JEREMY FOX,<br><br>              Plaintiff,<br><br>   v.<br><br>COWLITZ COUNTY, et al. et al,<br><br>              Defendants. | CASE NO. 3:17-cv-05471-BHS-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: JANUARY 12, 2018 |

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

    Plaintiff David Jeremy Fox filed this § 1983 action against Cowlitz County and two Cowlitz prosecuting attorneys. However, he has failed to properly allege municipal liability against Cowlitz County and both prosecutors have absolute immunity from § 1983 liability in this context. Therefore, the Court recommends granting defendants' motion for summary judgment and dismissing plaintiff's action.

REPORT AND RECOMMENDATION - 1

## BACKGROUND and PROCEDURAL HISTORY

Plaintiff, a former prisoner no longer in custody, filed this § 1983 action requesting damages for a conflict of interest in his prosecution and conviction. Dkts 5, 11. In 2014, before plaintiff's trial, plaintiff was represented by defendant Ryan Jurvakainen. Dkt. 11 at 6. Defendant Jurvakainen was elected as the Cowlitz County Prosecutor while he was representing plaintiff. *Id*. Upon taking office, he filed a declaration that he would be screened from the case, but his name still appeared on the signature line of plaintiff's amended information as well as the jury instructions. Dkt. 11 at 6. Plaintiff was convicted and filed an appeal with the Washington Court of Appeals, alleging the screening of his ex-defense attorney was insufficient and that the prosecutor's office should have been disqualified. *Id*. at 7. The Court of Appeals agreed and reversed plaintiff's conviction with instructions for the trial court to engage in further proceedings once it had appointed a special deputy prosecutor. *Id.* at 15.

Plaintiff filed this § 1983 action in June of 2017. Dkt. 1. After granting him leave to proceed *in forma pauperis*, the Court ordered plaintiff to show cause why his case should not be dismissed for attempting to recover monetary damages without first providing evidence his underlying conviction had been overturned. Dkt. 6. Plaintiff provided a copy of his Court of Appeals decision reversing his conviction. Dkt. 11. Before the Court directed service of the complaint, defendants filed a waiver of service and an answer. Dkts. 13, 14. Defendants now move that plaintiff's action be dismissed. Dkt. 16. Plaintiff has not filed a response.

## STANDARD OF REVIEW

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute over the material facts before the court and the moving party is entitled to judgment as a matter of law. *Zweig v. Hearst Corp.*, 521 F.2d 1129, 1136 (9th Cir. 1975), *overruled on other grounds*

by *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564 (9th Cir. 1990).  To determine if summary judgment is appropriate, the court must consider whether particular facts are material and whether there is a genuine dispute as to the material facts left to be resolved.  Fed. R. Civ. P. 56(c).  When presented with a motion for summary judgment, the court shall review the pleadings and evidence in the light most favorable to the nonmoving party, *Anderson*, 477 U.S. at 255 (citation omitted), and "a pro se complaint will be liberally construed . . . ." *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir. 1992) (*citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (other citation omitted).

When a party fails to respond to a motion for summary judgment, the Court does not consider the motion conceded. *See Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003). "[A] nonmoving party's failure to comply with local rules does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law." *Id*. However, since plaintiff has the burden of proof at trial, if defendant demonstrates that is entitled to judgment as a matter of law, plaintiff is still required to present admissible evidence to prove that there exists a material issue of fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).If plaintiff fails to demonstrate that a dispute of material fact exists, the Court takes the undisputed facts as true for purposes of summary judgment. *John v. City of El Monte*, 505 F.3d 901, 912 (9th Cir. 2007).

**DISCUSSION**

I.      **Municipal Liability**

Defendants first argue that plaintiff has named Cowlitz County as a defendant. A municipality, such as a county, may only be liable under § 1983 if its policies are the "'moving force [behind] the constitutional violation.'"    *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)

1  (*quoting Monell v. Department of Social Services*, 463 U.S. 658, 694 (1978)).  In order to state a
2  claim against such an entity plaintiff must show that defendant's employees or agents acted
3  through an official custom or policy that violates, or permits deliberate indifference to, plaintiff's
4  civil rights; or that the entity ratified the unlawful conduct.  *See Monell*, 436 U.S. at 690-91;
5  *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991).  It cannot be held liable
6  merely because a government employee under its purview engaged in unconstitutional acts.
7  *Monell*, 436 U.S. at 692.

8  Here, plaintiff has alleged that defendants Jurvakainen and Brittain violated his rights, but
9  has not alleged any county policy that led to that violation. Dkt. 5. As noted above, a municipal
10 organization cannot be held liable based solely on supervisory liability. It must have an actual
11 policy in place that, if adhered to, violated plaintiff's rights, or must have ratified the conduct.
12 Because plaintiff has alleged neither here, he has not properly brought a claim against the
13 county. Therefore, the Court recommends defendant Cowlitz County be dismissed.

14 **II.     Absolute Immunity**

15 Defendants next argue that defendants Jurvakainen and Brittain both enjoy absolute
16 prosecutorial immunity. Prosecutors are entitled to absolute immunity from liability for damages
17 under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a
18 prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Asheleman v.*
19 *Pope,* 793 F.2d 1072, 1076 (9th Cir. 1986) (*citing Imbler*, 424 U.S. at 430-31). "Such immunity
20 applies even if it leaves 'the genuinely wronged defendant without civil redress against a
21 prosecutor whose malicious or dishonest action deprives him of liberty.'" *Id.* (*quoting Imbler*,
22 424 U.S. at 427).

1    Here, plaintiff faults defendant Jurvakainen for failing to recuse the prosecutor's office
2    from his case, and he faults defendant Brittain for being the deputy prosecutor on his case when
3    defendant Jurvakainen only screened himself from the prosecution. Dkt. 5 at 3. Though the Court
4    of Appeals found this activity unconstitutional and reversed plaintiff's conviction, plaintiff has
5    failed to present admissible evidence that either defendant was not acting within their authority
6    and in a quasi-judicial capacity. Plaintiff has presented no admissible evidence to prove that
7    defendant Jurvakainen was not acting in his prosecutorial capacity when his name appeared on
8    the pleadings as the county prosecutor. Similarly, plaintiff has presented no admissible evidence
9    to prove that defendant Brittain was not acting within his authority as a deputy prosecutor at the
10   time of the incident when proceeding with the prosecution.  Therefore, the undisputed evidence
11   is that both defendants were acting within their authority and in a quasi-judicial capacity and
12   they are both entitled to absolute immunity from liability.

The Court recommends that plaintiff's claims be dismissed as to these defendants.

## CONCLUSION

Plaintiff has not alleged a sufficient policy or affirmance from defendant Cowlitz County, and both defendant Jurvakainen and Brittain were acting as prosecutors and are entitled to absolute immunity. Therefore, the Court recommends that plaintiff's action be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

1 | imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 12,**

2 | **2018**, as noted in the caption.

3 |     Dated this 18th day of December, 2017.

    J. Richard Creatura
    United States Magistrate Judge

REPORT AND RECOMMENDATION - 6