|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | WESTERN DISTRICT OF WASHINGTON AT TACOMA |

| | |
|---|---|
| DAVID JEREMY FOX, | CASE NO. C17-5471 BHS |
| Plaintiff, | ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING IN PART AND GRANTING IN PART MOTION FOR VOLUNTARY DISMISSAL |
| v. | |
| COWLITZ COUNTY, et al., | |
| Defendants. | |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge. Dkt. 18. Also before the Court is Plaintiff's motion to withdraw his complaint. Dkt. 19.

On June 16, 2017, Plaintiff filed his complaint. Dkts. 1, 5. On July 20, 2017, Plaintiff filed an amended complaint. Dkt. 11. On August 28, 2017, Defendants answered. Dkt. 14. On November 2, 2017, Defendants filed a motion for summary judgment. Dkt. 16. Plaintiff did not respond. On December 18, 2017, Judge Creatura entered the R&R recommending that summary judgment be entered for Defendants. Dkt. 18.

Also on October 18, 2017, Plaintiff filed a motion to withdraw his complaint without prejudice to his claims. Dkt. 19. On January 1, 2018, Defendants responded in opposition to Plaintiff's motion. Dkt. 20

"A motion for voluntary dismissal should be granted unless the defendant shows it will suffer some plain legal prejudice as a result." *United States v. Berg*, 190 F.R.D. 539,

543 (E.D. Cal. 1999). In determining whether a defendant has been prejudiced, courts are to consider the following factors:

(1) The defendant's effort and expense involved in preparing for trial;
(2) Excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action;
(3) Insufficient explanation of the need to take a dismissal; and
(4) The fact that summary judgment has been filed by the defendant.

*Id.* Defendants acknowledge that the first factors do not weigh in favor of denying the voluntary dismissal. Dkt. 20 at 2. Instead, Defendants argue that they will suffer prejudice because Plaintiff's explanation for his need to withdraw the complaint is purportedly insufficient and their summary judgment motion preceded the motion to withdraw. *Id.* at 2–3.

The Court rejects Defendants' argument that Plaintiff's explanation for the requested withdrawal is insufficient. Plaintiff had been incarcerated at a location where he does not have access to legal materials necessary to adequately prosecute his claims. Dkt. 19. Because he will serve only one year, it is likely in his best interest to preserve his claims for a later date when he will no longer be in custody. This will also facilitate his ability to utilize evidence he has already purportedly gathered in support of his claims.

However, the Court notes that Plaintiff did fail to file his request until a significant time had passed since Defendants filed their motion for summary judgment. Moreover, Plaintiff's amended complaint simply cannot support a viable claim that withstands the arguments set forth in the summary judgment motion. The summary judgment motion establishes that (1) Plaintiff has failed to state a claim against the County under *Monell v. Department of Social Services*, 463 U.S. 658 (1978), and (2) Plaintiff's claims against

Defendants Jurvakainen and Brittain are conclusively barred by prosecutorial immunity. *See* Dkts. 11, 16, 18.

Due to the nature of the arguments advanced in the summary judgment motion and the recommendations in the R&R, the Court will take an intermediate approach in handling Plaintiff's motion to withdraw the complaint. While the claims against Jurvakainen and Brittain cannot be cured by amended pleadings, this does not mean that Plaintiff could not cure his claim against the County with additional amended pleadings and discovery. Accordingly, the Court will allow Plaintiff to voluntarily dismiss his claims against the County without prejudice. However, as the claims against Defendants Jurvakainen and Brittain cannot be cured, those claims will be dismissed with prejudice.

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Plaintiff's claims against Defendants Jurvakainen and Brittain are **DISMISSED with prejudice**;

(3) Plaintiff's claims against the County are **DISMISSED without prejudice**.

The Clerk shall enter judgment in favor of Defendants and close this case.

Dated this 1st day of February, 2018.

BENJAMIN H. SETTLE
United States District Judge